United States District Court

Eastern District of California

Louis Tamale,

    Plaintiff,

vs.

California State, et al.,

    Defendants.

No. Civ. S 02-0751 WBS PAN P

Findings and Recommendations

-oOo-

Plaintiff filed this action as a state prisoner without counsel, prosecuting civil rights claims against public officials. He was released from custody shortly thereafter.

The court approved service of the September 20, 2002, amended complaint on defendants Greenough, Calvo, Newland, Noriega, Vong, Toppenberg, Orobeza, Rougeux, Drennan, Camaren, Brumfield, Sisto, McNeill, Fortin, Alexander, Foster, Scottie and Vong. All defendants except Alexander, Foster, Scottie and Vong answered March 21, 2005.

Vong moved March 28, 2005, to dismiss for failure to state a claim and on the ground plaintiff's claims are not exhausted. Plaintiff opposed April 18 and Vong replied April 21, 2005.

In considering dismissal under Fed. R. Civ. P. 12(b)(6), the court must accept plaintiff's allegations as true, read the complaint most favorably to plaintiff, give plaintiff the benefit of every reasonable inference that appears from the pleading and argument of the case and dismiss the complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Wheeldin v. Wheeler, 373 U.S. 647, 658 (1963); Retail Clerks International Association, Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, 754 n.6 (1963); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The court may consider documents attached to the complaint in evaluating a motion to dismiss. Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).

Section 1997e(a) of Title 42 of the United States Code provides a prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available. The requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). The administrative remedy must be exhausted before suit is brought and a prisoner is not entitled to a stay of judicial proceedings in order to exhaust. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002). A prisoner need not plead exhaustion. Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003). Ordinarily, defendants must raise and prove absence of exhaustion as a

defense raised by a motion to dismiss.  Id.  "Courts considering 'nonenumerated' Rule 12(b) motions on the issue of administrative exhaustion may not only rely on matters outside the pleadings but also have broad discretion to resolve any factual disputes." Irvin v. Zamora, 161 F. Supp. 2d 1125, 1128 (S.D. Cal. 2001), citing Ritza v. Internat'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1988).

Here, plaintiff was released from custody in July 2002, shortly after commencing this action.  It is undisputed that administrative remedies through the prison grievance system are unavailable to him.  Dismissal for failure to exhaust is unwarranted.

The unnecessary and wanton infliction of pain upon incarcerated individuals under color of law constitutes a violation of the Eighth Amendment.  McGuckin v. smith, 974 F.2d 1050, 1059 (9th Cir. 1991).  A violation of the Eighth Amendment occurs when prison officials deliberately are indifferent to a prisoner's medical needs.  Id.  The threshold for a medical claim under the Eighth Amendment is extremely high:

> A prison official acts with "deliberate indifference . . . only if [he] knows of and disregards an excessive risk to inmate health and safety." Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1187 (9th Cir. 2002) (citation and internal quotation marks omitted).  Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).  "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." Gibson, 290

> F.3d at 1188 (citation omitted). This "subjective approach" focuses only "on what a defendant's mental attitude actually was." Farmer, 511 U.S. at 839. "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights. McGuckin, 974 F.2d at 1059 (alteration and citation omitted).

Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (footnote omitted).

"Deliberate indifference to medical needs may be shown by circumstantial evidence when the facts are sufficient to demonstrate that a defendant actually knew of a risk of harm." Lolli v. County of Orange, 351 F.3d 410, 421 (9th Cir. 2003) (citations omitted); see also Gibson, 290 F.3d at 1197 (acknowledging a plaintiff may demonstrate that officers "must have known" of a risk of harm by showing the medical need was obvious and extreme). Delay in medical treatment can amount to deliberate indifference if (1) the delay seriously affected the medical condition for which plaintiff was seeking treatment, and (2) defendants were aware the delay would cause serious harm. Shapley v. Nevada Board of State Prison Commissioners, 766 F.2d 404, 408 (9th Cir. 1985).

The pleading alleges plaintiff arrived at Solano State Prison December 1, 2002, and delivered to the medical department his complete medical file, which documented his bipolar mental illness; total bilateral hip replacement, requiring a right hip revision; diabetes; and a history of deep vein thrombosis. The file also showed plaintiff was taking glyberide for diabetes, coumadin for blood clots, and lithium for manic-depressive mental

4

illness.  The pleading further alleges, as to Vong:

>   [Dr. Vong] resides in Solano county, is employed as a medical doctor, is b[e]ing sued in his individual and official capa[c]ities and while working under color of law he failed/breached his duty to aid the plaintiff in his "serious medical condition."
>
>   Dr. Vong is a medical doctor at Solano State Prison and reviewed the entire medical records on that plaintiff, performed a complete medical examination, now, seeing, knowing and having a duty an[d] legal obligation to aid the plaintiff in his "serious medical condition" ... his "acts or omissions" were sufficiently harmful as to evidence deliberate indifference.
>
>   His decis[]ion to do nothing to aid the plaintiff was "medically unacceptable, under the circumstances and made with conscious disregard for the excessive risk to the plaintiff'[s] health and is one that today's society chooses not to tolerate."

Vong urges the court to dismiss for failure to state a claim based on allegations in plaintiff's original complaint, viz., that Vong examined plaintiff on six occasions and gave him a light duty "chrono" proscribing a work assignment where he need not stand, sit or walk for more than five minutes.  He argues that a claim of deliberate indifference cannot be sustained because plaintiff admits Vong gave him a light duty "chrono."

Construing both the original and amended pleading in favor of plaintiff, the court cannot say his claims of deliberate indifference against Vong fail as a matter of law.  The pleading suggests plaintiff's medical needs were substantial and Vong knew of them.  The court cannot, on the present record, determine whether Vong's response to those needs amounted to a "disregarded an excessive risk to plaintiff's health."

Accordingly, the court hereby recommends defendant Vong's

1  March 28, 2005, motion to dismiss be denied and he be required to
2  answer the amended complaint.
3      Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these
4  findings and recommendations are submitted to the United States
5  District Judge assigned to this case.  Written objections may be
6  filed within 20 days of service of these findings and
7  recommendations.  The document should be captioned "Objections to
8  Magistrate Judge's Findings and Recommendations."  The district
9  judge may accept, reject, or modify these findings and
10 recommendations in whole or in part.
11     Dated:  February 9, 2006.

             /s/ Peter A. Nowinski
             PETER A. NOWINSKI
             Magistrate Judge