IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LOUIS TAMALE,

      Plaintiff,                              No. CIV S-02-0751 WBS PAN PS

    vs.

CALIFORNIA STATE, et al.,

      Defendants.                  FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a former state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that several defendants violated his constitutional rights during a period while he was incarcerated at California State Prison-Solano. On March 28, 2005, one of those defendants, Dr. Vong, filed a motion to dismiss this action pursuant to the unenumerated portion of Fed. R. Civ. P. 12(b) due to plaintiff's failure to exhaust administrative remedies prior to suit and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted as to Dr. Vong. Plaintiff opposed the motion.

        On February 10, 2006, findings and recommendations were issued recommending that the motion be denied. In relevant part, the magistrate judge recommended that defendant Vong's request for dismissal due to plaintiff's failure to exhaust administrative remedies be denied on the ground that plaintiff had been released from custody and, therefore, there were no

1

administrative remedies available to plaintiff. On March 6, 2006, the district court remanded the matter "for further consideration of why plaintiff should be excused from the exhaustion requirement by virtue of his having been released from custody if, as stated twice in the magistrate judge's findings and recommendations, he was not released until after he filed this lawsuit." (Order filed March 6, 2006, at 1-2.)

In findings and recommendations filed in this action on February 10, 2006, the magistrate judge found that "plaintiff was released from custody in July 2002, shortly after commencing this action." (Findings and Recommendations, filed February 10, 2006, at 3.) For the reasons set forth infra, this court finds that plaintiff was actually released from custody in July 2001.

Court records reflect that plaintiff filed another civil rights action, Tamale v. Davis, No. CIV S-00-0644 WBS DAD P, raising the same claims as are raised in the instant action.[1] At the time plaintiff filed that action he was incarcerated. (See, e.g., Tamale v. Davis, No. CIV S-00-0644, docket entries # 7 and 8.) On June 5, 2000, plaintiff filed a notice of change of address in that action, notifying the court that he had been transferred to Avenal State Prison. (Id. at docket entry # 16.) On August 9, 2001, the magistrate judge issued findings and recommendations in that action which were served on plaintiff but returned undelivered. (Id. at docket entries # 64 and 65.) On October 17, 2001, plaintiff filed therein a notice of change of address, changing his address to 401 South Hoover # 217, Los Angeles, CA 90020. (Id. at docket entry # 72.) That address is identical to the address on the complaint filed by plaintiff to initiate this action. (See Complaint, received January 29, 2002 and filed April 2, 2002.)

In his opposition to defendant Vong's motion to dismiss, plaintiff represents that he was paroled from Avenal State Prison on July 7th, "@))!". It appears that the year in the foregoing date was typed with the shift key held down or locked; without the action of the shift

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

key the year would most likely read "2001".[2]  A parole release date of July 7, 2001 would be in accord with the return of mail sent to plaintiff in August 2001.[3]

For the foregoing reasons, this court finds it most likely that plaintiff was released from prison in July 2001.[4]  It appears that plaintiff's original complaint was received in this court on January 29, 2002 and opened as a civil action on April 2, 2002.    Section 1997e(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  For purposes of this section, a prisoner is "any person *incarcerated or detained in any facility* who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law . . ." (Emphasis added.)  42 U.S.C. § 1997e(h).

Plaintiff was not a "prisoner" within the meaning of 42 U.S.C. §1997e at the time he filed this action, nor was he confined in any correctional facility at that time.  The exhaustion requirement of 42 U.S.C. § 1997e(a) applies only to "a prisoner confined in any jail, prison, or other correctional facility."  It does not, therefore, apply to this plaintiff.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant Vong's March 28, 2005 motion to dismiss be denied; and

---

[2] This finding is based on the determination that a computer or electronic typewriter keyboard has an "@" sharing a key with the number 2, a ")" sharing the key with the number "0", and a "!" sharing the key with the number 1.  The "@", ")" and "!" are all typed by engaging the capitalization mechanism and then striking the respective keys.  Earlier keyboards typically did not have the ! key.  Instead they used the l key and the . key.

[3] The record in this action also reflects that the case was opened in accordance with procedures for cases filed by pro se litigants who are not incarcerated, and that plaintiff represented on his in forma pauperis application, filed March 22, 2002, that he was not incarcerated.

[4] If the actual date differs from this finding any party is invited to offer proof in objections to these findings and recommendations.

2. Defendant Vong be directed to answer the September 20, 2002 amended complaint within ten days from the date of any order by the district court adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 29, 2006.

UNITED STATES MAGISTRATE JUDGE

12
tama0751.mtd

4